An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA24-687

Filed 17 September 2025

Wake County, No. 13SP003348

IN THE MATTER OF THE FORECLOSURE OF A DEED OF TRUST EXECUTED BY RAYMOND CARPENTER AND RACHEL CARPENTER IN THE ORIGINAL AMOUNT OF $395,100.00 DATED MARCH 31, 2005 RECORDED IN BOOK 11298 AT PAGE 02021 IN THE WAKE COUNTY REGISTRY, NORTH CAROLINA

SUBSTITUTE TRUSTEE: SUBSTITUTE TRUSTEE SERVICES, INC.

Appeal by respondent from order entered 25 September 2023 by Judge William R. Pittman in Wake County Superior Court. Heard in the Court of Appeals 11 February 2025.

*Raymond Carpenter, pro se, respondent-appellant.*

*The Hutchens Law Firm, by Claire Collins Dickerhoff, for petitioner-appellee.*

PER CURIAM.

Respondent Raymond Carpenter appeals the Superior Court, Wake County's order affirming the Clerk of Court's denial of his motion to Dismiss the Foreclosure Sale entered 25 September 2023. This order was set aside by a later Order Reactivating, Setting Aside Foreclosure Sale, and Allowing a New Foreclosure Sale on 1 July 2024. Respondent sought a petition for Writ of Supersedeas with this Court

that was denied and filed on 16 August 2024.  Respondent's appeal is limited to review of the order entered 25 September 2023 that was set aside and is now moot. *See* N.C.R. App. P. 3(d) ("The notice of appeal . . . shall specify the party or parties taking the appeal; shall designate the judgment or order from which appeal is taken and the court to which appeal is taken[.]"); *Venters v. Lanier*, 288 N.C. App. 483, 486 (2023) ("A party must comply with the requirements of Rule 3 to confer jurisdiction on an appellate court.").

Respondent did not appeal the underlying foreclosure order entered on 11 December 2013 and the time for that appeal has expired.  On 9 September 2024, a foreclosure sale took place on the subject property.  Accordingly, because the issues raised are moot, and there being nothing further to discuss within our conferred jurisdiction pursuant to Rule 3, we dismiss respondent's appeal.

DISMISSED.

Before a panel consisting of Judges WOOD, GORE, and STADING.

Report per Rule 30(e).